IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOYCE JOHNSON                                                    PLAINTIFF

v.                    CIVIL NO. 17-5236

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                   DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Joyce Johnson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 19, 2013, alleging an inability to work since August 15, 2013, due to chronic obstructive pulmonary disease, congestive heart failure, blood pressure and depression. (Tr. 119, 245, 247). An administrative hearing was held on June 7, 2016. (Tr. 104-118). After being informed of the right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative. (Tr. 116-117).

By written decision dated September 16, 2016, the ALJ found Plaintiff engaged in substantial gainful activity through November 4, 2014. (Tr. 19). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the right knee; chronic obstructive pulmonary disease (COPD); hypertension; and hypertensive cardiomyopathy, congestive heart failure, compensated. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: The claimant must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation.

(Tr. 22). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a cashier as actually and generally performed. (Tr. 26, 413-415).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 21, 2017. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.  Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council consists of medical records from more than one of Plaintiff's treating sources. The Court notes that on October 10, 2016, Plaintiff was examined by Dr. Matthew J. Coker for a follow-up appointment. (Tr. 36). After examining Plaintiff, Dr. Coker opined that due to Plaintiff's arthritis she would be unable to stand for an extended period of time, walk, and that going up and down stairs would be extremely difficult. Had the ALJ had this medical evidence before him when making the decision in this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991).

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of January 2019.

/s/   *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE